UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



**FILED**
JUL 0 9 2007
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE | \* | CIV 07-4059 |
| Plaintiff, | \* | |
| vs. | \* | |
| KURT D. WHITESEL, | \* | MEMORANDUM OPINION |
| Defendant. | \* | AND ORDER |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is Defendant's Motion to Seal, Doc. 6. The Defendant filed a Consent, Doc. 3, admitting the Court's jurisdiction over him and the subject matter of this action. He also consented to the entry of the proposed final Judgment, which includes the imposition of a civil penalty in the amount of $25,000 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d) and Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d). On May 17, 2007, the Court entered an Order requiring the parties to submit additional information to justify the proposed final Judgment in this case, including the Defendant's financial worth and the amount of direct and indirect compensation the Defendant received while employed as the controller of NorthWestern Corporation. Defendant filed a Motion to Seal Portions of Defendant's Anticipated Response to May 17 Order, Doc. 6. Plaintiff submitted a response to the motion, Doc. 10.

Defendant seeks to have the information regarding his and his spouse's personal finances filed under seal. "Personal financial information, such as one's income or bank account balance, is universally presumed to be private, not public." *In re Boston Herald, Inc.*, 321 F.3d 174, 190 (1st Cir. 2003). On the other hand, "[i]t is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). Access to judicial records is not

absolute. *See id.* at 598. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id.* Citing *Nixon*, 435 U.S. at 602, the Eighth Circuit recognized "there is a common law presumption in favor of public access to judicial records," but it is noted that the Eighth Circuit "specifically rejected the *strong* presumption standard [in favor of the common law right of public access] adopted by some circuits." *United States v. McDougal*, 103 F.3d 651, 657 (8th Cir. 1996) (citing *United States v. Webbe*, 791 F.2d 103, 106 (8th Cir. 1986)); *see In re: Search Warrant for Secretarial Area Outside Office of Thomas Gunn*, 855 F.2d 569, 573 (8th Cir. 1988) (recognizing that, "[u]nder the common law judicial records and documents have been historically considered to be open to inspection by the public.").

In the present case, the documents containing his and his spouse's personal financial information sought to be sealed by Defendant are clearly judicial records and documents as they have been filed with the Court for purposes of determining whether to approve the Consent entered into by the parties. "When reviewing a proposed consent decree, the trial court is to review the settlement for fairness, reasonableness, and adequacy." *United States v. Metropolitan St. Louis Sewer Dist.*, 952 F.2d 1040, 1044 (8th Cir. 1992) (referred to herein as "*Metropolitan*"). The Court recognizes the factors for determining the amount of a civil penalty cited in the May 17, 2007, Memorandum Opinion and Order, apply primarily when the Court is required to determine the civil penalty after there has been a finding that the defendant violated the securities laws. As recognized by the Eighth Circuit in *Metropolitan*, 952 F.2d at 1044, a court reviewing a settlement is not *required* to apply the same standards to the settlement as it applies in determining the appropriate civil penalty to be imposed against a party found to be in violation of a federal law. But *Metropolitan* does not hold that the Court is precluded from evaluating such factors to the extent they are relevant to the determination of whether the settlement is fair, reasonable and adequate. *See id.* Thus, the Court will consider all of the sanctions the Defendant faces, which in this case are exclusively civil penalties at the present time; as well as considering cooperation the Defendant has provided to enforcement authorities; whether the defendant has admitted wrongdoing; and, the defendant's financial worth. *See United States Sec. and Exch. Comm'n v. Church Extension of the Church of*

*God, Inc.*, 429 F.Supp.2d 1045, 1050-51 (S.D. Ind. 2005) (citations omitted); *Securities and Exch. Comm'n v. Sargent*, 329 F.3d 34, 42 (1st Cir. 2003); *Securities and Exch. Comm'n v. Yun*, 148 F.Supp.2d 1287, 1295 (M.D. Fl. 2001). Because there has not been a finding by a trier of fact that the Defendant violated the securities laws, the Court is unable to consider the other factors cited by courts in determining the amount of a civil penalty to impose, including "the seriousness of the violations, the defendant's intent, whether the violations were isolated or recurring, ...[and] the losses or risks of losses caused by the conduct. " *Church Extension*, 429 F.Supp.2d at 1050-51. Although there is no finding that Defendant's alleged conduct caused loss to NorthWestern's shareholders, the Court is aware that NorthWestern's shareholders suffered severe financial losses as a result of NorthWestern's bankruptcy.

The Court finds Defendant's right to privacy overcomes the presumption in favor of the common law right of public access to judicial records and the Motion to Seal will be granted as to Defendant's representations and documentation of his and his spouse's net worth. The Court recognizes the shareholders have a legitimate interest in evaluating whether Defendant was appropriately sanctioned for the conduct alleged in the Complaint in this action, which Defendant has agreed he will not publicly deny. There has been no showing, however, that the public's interest in Defendant's net worth should overcome his and his spouse's right to privacy. Although Defendant's net worth is one consideration in determining whether the Consent in this case is fair, reasonable and adequate, it is not a primary consideration by the Court. Moreover, the information submitted by Defendant includes his spouse's net worth and there has been no showing of a legitimate interest in access to her personal financial information. The Court will order Defendant's Memorandum in Response to the Court's May 17, 2007 Order, Doc. 15, and Declaration of Kurt D. Whitesel, Doc. 16, remain filed under seal. Defendant will be required to file a redacted version of his Memorandum and Declaration, deleting any reference to his financial net worth.

Defendant also seeks to file under seal the amount of direct and indirect compensation he received while employed for approximately two years as the controller of NorthWestern. Because he was not a named executive officer of NorthWestern, the amount of compensation he received

3

while employed by NorthWestern has not previously been made public through NorthWestern's filings with the Securities and Exchange Commission. The Court will deny the Motion to Seal as to the compensation Defendant received while employed by NorthWestern. Defendant was the controller of a publicly traded corporation that filed for bankruptcy protection, resulting in severe financial loss to shareholders. Although Defendant was not a named executive officer, he was a senior executive in the company and his position as controller was significant. He was the controller at the time immediately preceding NorthWestern's bankruptcy and the Court finds the public has a legitimate interest, that is not overcome by Defendant's right to privacy, in knowing the amount of compensation he received during that period of time.

In addition to his financial records, Defendant seeks to have filed under seal any statements in his response that could be construed as a denial of the Plaintiff's allegations. The reason for this request is that in the Consent, Defendant agreed, in accordance with Plaintiff's policy, "not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis." (Consent, Doc. 3, ¶ 11.) The penalty for violating this agreement is that the Plaintiff may petition the Court to vacate the Final Judgment Defendant agreed to have entered in this case and restore the action to its active docket. (*Id.*)

The Court will grant the Motion to Seal as to those portions of the Defendant's response to the Court's Order that could be construed as a denial of the Plaintiff's allegations in this action. Settlement of litigation involves compromise by both sides and involves the parties' assessments of the risks and cost of litigation. Settlements serve the public's interest and are favored under the law. The Court recognizes that disclosure of this information could possibly compromise the agreement reached between the parties in this case. The Court required the parties to justify the settlement reached in this case, which predictably includes a discussion of the parties' assessments of the merits of this action. In determining whether to approve the Consent, however, the Court is not required to determine and did not determine who would have prevailed at trial if the litigation continued. Likewise, approval of the settlement is no indication by the Court of what the Court considered to

be the likelihood of one party or the other prevailing on the merits of the case if the case were tried. The Court made no such determination. The Court finds the presumption in favor of public access to any denial of the allegations in the Complaint by Defendant is outweighed by the parties' interest in settling this litigation under the terms of their agreement and, thus, will grant the Motion to Seal as to any such denials. The Defendant will be directed to file with the Clerk a redacted version of his Memorandum in accordance with this Order. Accordingly,

IT IS ORDERED:

1.    That Defendant's Motion to Seal Portions of Defendant's Anticipated Response to May 17 Order, Doc. 6, is granted: (a) as to Defendant Kurt Whitesel's representations regarding his and his spouse's financial net worth; and (b) as to those portions of the Defendant's Memorandum in Response to the Court's May 17, 2007 Order, Doc. 15, that could be construed as a denial of the Plaintiff's allegations in this action.

2.    That the Motion to Seal, Doc. 6, is denied as to Defendant's direct and indirect compensation he received while employed as the controller of NorthWestern.

3.    That within 10 days of the date of this Order, Defendant shall file with the Clerk of Court redacted versions, consistent with this Order, of: (a) Defendant Whitesel's Memorandum in Response to the Court's May 17, 2007 Order, Doc. 15; and (b) the Declaration of Kurt D. Whitesel, Doc. 16.

Dated this 10 day of July, 2007.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _Shelly Margulies_____
                    DEPUTY

5